UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DWAINE J. CHAPMAN, SR., *Pro Se.* | ) | Case No. 1:22 CV 360 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| MARK COLLINS, | ) | |
| | ) | MEMORANDUM OPINION |
| Defendant | ) | AND ORDER |

*Pro Se* plaintiff Dwaine J. Chapman, Sr. filed this action against Mark Collins, alleging "statutory and constitutional violations" and several state law claims, including breach of lease, theft, slander, harassment, assault, trespass, and burglary. (Doc. No.1). For the following reasons, this action is dismissed.

## I. BACKGROUND

Plaintiff's Complaint appears to concern a lease with Mark Collins for commercial property located in Mansfield, Ohio. As best the Court can discern, Plaintiff alleges he and Defendant agreed upon a "lease to own" contract wherein Plaintiff would assist with renovations to the property. (Doc. No. 1-4). Plaintiff claims that he requested that his renovations be applied toward his rent, but Defendant denied his request. (*Id.* at 4). Plaintiff maintains that he continued to meet his monthly

rent obligations, yet Defendant filed an eviction action against him. (*Id.* at 7). At some point, the Mansfield Police Department arrived at the premises "demanding [Plaintiff] leave." (*Id.* at 9). Plaintiff alleges that Collins and others took his tools and other property as the police department stood by and watched. (*Id.*). Plaintiff alleges that Collins "changed and breached contracts multiple times while practicing multiple ethical, moral, statutory, and constitutional violations." (Doc. No. 1 at 1). Plaintiff seeks five million dollars in damages.

The Complaint also appears to contain allegations against Vince Traughtman, Collins's handyman, and the Mansfield Police Department. (*See* Doc. Nos. 1-4 and 1-5). According to Plaintiff, Traughtman trespassed, assaulted tenants on the property, and committed theft, and the Mansfield Police Department assaulted him. (Doc. Nos. 1-4 at 5-6 and 1-5 at 5-6). Traughtman and the police department, however, are not named as defendants in the caption of the Complaint. Nor did Plaintiff complete forms for service of process for either Traughtman or the police department. The Court therefore concludes that they are not defendants in this action and will not address any purported claims against them.

Plaintiff has filed an application to proceed *in forma pauperis* in this action. (*See* Doc. No. 2).

## II. STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338

(1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998). The courts, however, are not required to conjure unpleaded facts or construct claims against defendants on behalf of a pro se plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

### III. LAW AND ANALYSIS

Plaintiff claims in a conclusory fashion that Defendant violated his constitutional and statutory rights. Because the Constitution does not directly provide for damages, Plaintiff must

proceed under one of the civil rights statutes which authorizes an award of damages for alleged constitutional violations. *Sanders v. Prentice-Hall Corp. Sys*, 178 F.3d 1296 (6th Cir. 1999).  As no other statutory provision appears to present an even arguably viable vehicle for the assertion of Plaintiff's claims, the court construes these claims as arising under 42 U.S.C. § 1983.

To establish a violation under § 1983, a plaintiff must show that a person acting under color of state law deprived him or her of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). To be considered to have acted "under color of state law" for purposes of § 1983, generally, a person must be a state or local government official or employee.  A private party may be found to have acted under color of state law only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352, 95 S. Ct. 449, 42 L. Ed. 2d 477 (1974).

Here, Defendant Collins is a private party, not a government official or entity. And Plaintiff fails to allege any facts demonstrating that Defendant was acting on behalf of, or obtaining significant aid from, the state such that its conduct was considered state action. Nor does Plaintiff allege any facts suggesting that Defendant exercised a power that is reserved exclusively for the State of Ohio. There is therefore no federal cause of action based on 42 U.S.C. § 1983.

The remainder of Plaintiff's claims appear to be state law claims. Because Plaintiff's complaint does not allege any cognizable federal claim, the Court declines to exercise supplemental

jurisdiction over any state law claim Plaintiff may also be attempting to assert. *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("[A] federal court that has dismissed a plaintiff's federal law claims should not ordinarily reach the plaintiff's state law claims.") (citing among authority 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966)).

Accordingly, to the extent that Plaintiff has asserted state law claims, those claims are dismissed without prejudice. *Bullock v. City of Covington*, 698 F. App'x 305, 307 (6th Cir. 2017) ("Normally, when a court declines to exercise supplemental jurisdiction, the court dismisses the [state] claims without prejudice.") (citations omitted).

Plaintiff's complaint therefore fails to state a claim upon which relief may be granted.

### IV. CONCLUSION

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted. The court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

April 19, 2022

-5-